NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 6, 2025

S25A0089.  PERRY, WARDEN v. BLEVINS.

PINSON, Justice.

A jury found Thomas Blevins guilty of a number of crimes in connection with the sexual assault of B.P. Blevins appealed, and the Court of Appeals affirmed his convictions. See *Blevins v. State*, 343 Ga. App. 539 (808 SE2d 740) (2017). Blevins then filed a petition for habeas corpus in the Superior Court of Gwinnett County. The habeas court granted the writ, and the warden timely appealed that decision to this Court.

The warden raises several claims of error with respect to some of the reasons the habeas court gave for granting relief. These claims may well have merit. But the warden has not challenged certain other grounds that supported the habeas court's grant of relief. Those grounds include the habeas court's determinations that

Blevins's counsel rendered constitutionally ineffective assistance by failing to investigate victims, failing to investigate juror irregularities, failing to investigate exculpatory evidence, failing to research the law of evidence, and failing to question the State's proof at trial.

We have made clear before that an appellant's "failure to attack alternative bases for a judgment results in the affirmance of that judgment." *Brown v. Fokes Props. 2002, Inc.*, 283 Ga. 231, 233 (2) (657 SE2d 820) (2008) (cleaned up). In such an appeal, even if the appellate court were to address the claims the appellant raised and agree that they established error, that decision would have no effect on an underlying judgment supported by other bases not properly put before the court for review. Just so here. We are therefore constrained to affirm the judgment below. See id.

*Judgment affirmed. Peterson, CJ, Warren, PJ, LaGrua and Colvin, JJ, concur. Bethel, Ellington, and McMillian, JJ, disqualified.*